359 F.2d 842
 Dominick and Rosina FRATTO, Individually and t/d/b/a Silver Fox Inn, Appellants,
v.
NEW AMSTERDAM FIRE INSURANCE COMPANY, a Foreign Corporation et al., Intervenors.
Dominick and Rosina FRATTO, Individually and t/d/b/a Silver Fox Inn
v.
NEW AMSTERDAM FIRE INSURANCE COMPANY, a Foreign Corporation, et al., Appellants, and
Crawford Lieberum, Alvin G. Barr, Paul Lieberum and Helen Lieberum, His Wife, Intervenors.
Dominick and Rosina FRATTO, Individually and Trading and Doing Business as Silver Fox Inn
v.
NORTHERN INSURANCE COMPANY OF NEW YORK, a New York Corporation, Appellant, and
Crawford Lieberum, Alvin G. Barr, Paul Lieberum and Helen Lieberum, His Wife, Intervenors.
Dominick and Rosina FRATTO, Individually and Trading and Doing Business as Silver Fox Inn
v.
The HOME INSURANCE COMPANY OF NEW YORK, a New York Corporation, Appellant, and
Crawford Lieberum, Alvin Barr, Paul Lieberum and Helen Lieberum, His Wife, Intervenors.
 Nos. 15510-15513.
 United States Court of Appeals Third Circuit.
 No. 15510 Submitted March 28, 1966.
 Nos. 15511-15513 Argued March 28, 1966.
 Decided April 29, 1966.
 
 James E. McLaughlin, Pittsburgh, Pa. (John M. Tighe, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., on the brief), for Dominick and Rosina Fratto, individually and t/d/b/a Silver Fox Inn.
 Thomas Lewis Jones, Pittsburgh, Pa. (Samuel P. Gerace, White, Jones & Gregg, Pittsburgh, Pa., on the brief), for New Amsterdam Fire Ins. Co., and others.
 Before BIGGS and GANEY, Circuit Judges, and SHERIDAN, District Judge.
 PER CURIAM.
 
 
 1
 These are four appeals from judgments growing out of an explosion and fire at the Silver Fox Inn at Foxburg in the Western District of Pennsylvania. The four cases were consolidated for trial and were tried by the court without a jury. The case brought by the Frattos, the owners of the Inn, against the insurance companies, No. 63-507 (Civil) in the court below, was dismissed for lack of jurisdictional amount. The appeal from the judgment of dismissal at our No. 15510, was withdrawn in open court at the beginning of the argument before us. No other course was feasible. The appeals at our Nos. 15511, 15512, and 15513, Nos. 63-507, 63-310, and 63-311, Civil, in the court below, are pressed. The appeals, referred to in the previous sentence, were taken by the insurance companies from judgments procured against them by the Frattos as appears from the respective records. The position of the intervenors, the Lieberums and Barr, requires no discussion. Their position is fully described in the opinion of the court below, 242 F.Supp. 262, at 264, third finding of fact.
 
 
 2
 The defendants-appellants, the insurance companies, have raised three major issues. We will deal with these in the order in which they were argued. The insurance companies contend that the trial court erred in finding there was insufficient evidence to prove a conspiracy by the Frattos to defraud the insurance companies by destroying the Silver Fox Inn to collect the insurance. The trial court heard the evidence and was the judge of the veracity of the witnesses and of the weight of the evidence. We cannot say that its findings of fact and conclusions on this issue were clearly erroneous. Cf. Klein v. Auto Owners Ins. Co., 39 F.R.D. 24 (D.Minn.1965), strongly relied on by the appellants.
 
 
 3
 Second, the appellants assert that the trial court committed reversible error by holding that the provisions of the policies that suits should be brought within one year from the date of the loss was extended by the conduct of the defendants. Again we cannot accept this view. The suits at bar are based on diversity and the law of Pennsylvania governs. It is clear that under the Pennsylvania decisions, set out in the opinion of the court below, and the facts as found by it, fully supported by the evidence, the insurance companies by their conduct misled the Frattos and their attorney into a reasonable belief that their claims would be settled and that therefore the Frattos were excused from strict compliance with the twelve months provisions of the policies. It is the law of Pennsylvania, as it is that of other States, under circumstances such as those at bar, that time limitations of policies will not be construed too stringently to prevent recovery on insurance claims. Other points raised by the insurance companies under this heading do not merit discussion.
 
 
 4
 The third issue asserted by the insurers is that the court allowed evidence based on privileged communications to come on the record and based its decision at least in part on that evidence. The communications referred to were reports made by the insurance companies' counsel to his clients. But copies of these reports were sent by the insurers' counsel to other companies which were not agents of the defendants. The court below deemed that the reports put into the record under the circumstances at bar were not privileged. We cannot say that ruling was erroneous.
 
 
 5
 Every pertinent issue in the case at bar has been fully considered and meticulously discussed in the excellent opinion of Judge Marsh. We have carefully considered the extensive records of the cases at bar and have weighed the arguments of counsel. We perceive no error here.
 
 
 6
 An order dismissing the appeal at our No. 15510 will be entered with costs. The judgments at the other numbers will be affirmed with costs.