**In re Richard Herman ALBRECHT, Karen Elaine Albrecht, Debtors.**

**Bankruptcy No. 88–20101.**

United States Bankruptcy Court, D. Montana.

Aug. 30, 1988.

Katherine R. Curtis, Columbia Falls, Mont., for Springers.

James C. Bartlett, Kalispell, Mont., trustee.

Donald E. Hedman, Whitefish, Mont., for debtors.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 30th day of August, 1988.

On April 25, 1988, the Debtors filed a Motion for Release of Funds. Through this motion, the Debtors contended that the funds received by Richard Albrecht as settlement for a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 (hereinafter referred to as FELA), qualified as

disability benefits, exempt from the bankruptcy estate pursuant to § 522(d)(10)(C), made applicable to Montana through § 31-2-106 and § 25-13-608(3) Mont.Code Ann. (1987). Creditors, Donald and Priscilla Springer, who assert a claim to a portion of such settlement funds, dispute this contention.

A hearing on this matter was held on June 6, 1988, after which this Court ordered the parties to file briefs within 10 days in support of their respective positions. Upon review of these briefs and other relevant authority, this Court makes the following findings:

On August 29, 1986, the Debtor Richard Albrecht received a settlement from his employer in which he received $124,473.92 after expenses and attorney's fees. Shortly thereafter, on September 22, 1986, Debtor paid to Donald and Priscilla Springer the sum of $25,000.00 as part payment due under a real estate Contract for Deed for the purchase of real property. Legal action on the contract ensued in state court based on Debtors' claim for rescission of the agreement. The down payment was still held on deposit in a trust account when the Debtors filed bankruptcy on February 12, 1988, in which petition they claimed the funds on deposit as exempt under 11 U.S.C. 522(d)(10), which has been incorporated by reference under 31-2-106, Mont.Code Ann. The Trustee subsequently rejected the Contract for Deed, and objected to the claim of exemption, contending funds received under an FELA settlement are not a disability award under 522(d)(10), and even if they are exempt, the voluntary payment of funds to Springers in the sum of $25,000.00 cannot be traced to the FELA award so as to maintain the exempt status.

■ I conclude the FELA settlement qualifies as exempt property. FELA provides the *exclusive* remedy for employees of railroad-common carrier for injuries resulting from the carrier's negligence or the negligence of the officers, agents, or other employees of the carrier or resulting from defect or insufficiency, due to negligence, in carrier's machinery or equipment. 45 U.S.C. § 51.

Although liability under the Act is predicated on negligence, the Act is not limited to accidental injuries. It comprehends all reasonably forseeable injuries resulting from a carrier's failure to exercise due care with respect to its employees. 32 Am. Jur.2d *Federal Employers' Liability Etc.*, § 23.

Such negligence could lead to a disability which would be compensable under the Act. For example, in *Dixon v. Pennsylvania Railroad Co.*, 378 F.2d 392 (3rd Cir. 1967), the court, in discussing the damages for a signalman whose injuries prevented him from performing all of his duties, stated, "Everyone seems to agree that there has been some disability and compensation is allowable for that". *Id.* at 393.

■ There have also been a number of other cases which have provided remedies under FELA for injuries that result in some type of disability. See 45 U.S.C. § 51, n. 892–894. Thus, when a person receives a FELA settlement for an injury which leads to a disability, the award may be classified as a disability benefit and is thus exempt under 11 U.S.C. § 522(d)(10)(C).

This result is consistent with the holdings in *In re Labelle*, 18 B.R. 169 (Bankr.D. Maine 1983) and *In re Evans*, 29 B.R. 336 (Bankr.D.N.J.1983). In these cases, the courts held that Workers' Compensation benefits were exempt under 11 U.S.C. § 522(d)(10)(C) as opposed to 11 U.S.C. § 522(d)(11)(D)(E). In reaching this result, the courts cited the legislative history of both § 522(d)(10) and § 522(d)(11) and noted that both referred to "future earnings". The court stated:

"In discussing § 522(d)(10) Congress used the following language: Paragraph 10 exempts certain benefits that are akin to future earnings of the debtor" ... H.R. 595 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, P. 5787, 6318.

"Paragraph (11) allows the Debtor to exempt certain compensation for losses. These include ... loss of future earning

payments." *Id.* at 362, U.S.Code Cong. & Admin News 1978, P. 6318.

Based on this legislative history, these courts found that that the exemptions under § 522(d)(11) only cover compensation received in the nature of tort liability. Workers' Compensation benefits, on the other hand, fall under 11 U.S.C. § 522(d)(10)(C) as payment in lieu of future earnings of a debtor whose ability to generate future earnings has been reduced or lost because of a work related injury. *Labelle*, supra, at 171. *Evans*, supra, at 338.

An FELA award, which is the exclusive remedy for railroad employees injured on the job, is analogous to a Workers' Compensation award. Thus, the FELA settlement at issue which resulted in a disability preventing the debtor from returning to work is exempt as a disability benefit under § 522(d)(10)(C).

The second issue before the Court concerns the payment of $25,000.00 for the real estate purchase. All parties agree that such funds, currently being held in a trust account, are directly traceable to the FELA settlement. However, the Springers contend that this portion of the FELA settlement lost its identity as exempt property when it was voluntarily transferred to them.

This claim of the Springers is outside the jurisdiction of the Bankruptcy Court. As stated in *In re Zahn*, 452 F.Supp. 1341 (7th Cir.1978):

> "... If creditors have claims against the exempt property the Bankruptcy Court is not open to litigate such rights. The Bankruptcy Court has only jurisdiction to set off the exemption to which a claim is made and to which the bankrupt is entitled. No interest in that property passes to the Trustee, and the exempt property is not part of the bankrupt's estate subject to administration in bankruptcy. If the creditors have any rights against such property claimed and set off to the bankrupt as exempt, the courts of the state are the proper forum to litigate such claims. *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47

L.Ed. 1061; *Stein v. Bostian*, 133 F.2d 586, 589 (8th Cir.1943).

*Zahn*, supra, quoting *In re Urban*, 136 F.2d 296, 298 (7th Cir.1943).

This Court has determined that the FELA settlement is exempt property. Any claims against this exempt property, however, must be decided by the state court. Accordingly,

IT IS ORDERED:

(1) The FELA settlement qualifies as exempt property under 11 U.S.C. § 522(d)(10)(C), incorporated by reference under § 31–2–106 Mont.Code Ann. (1987).

(2) The $25,000.00 portion of the FELA settlement has not lost its exempt status, with final distribution of such funds to be decided by the state court.