**34**

## In re Floyd V. LAGROW and Carol E. Lagrow, Debtors.

### Bankruptcy No. 93–82335.

United States Bankruptcy Court,
C.D. Illinois.

March 21, 1994.

Richard E. Barber, Galesburg, IL, for debtors.

Charles E. Covey, Peoria, IL, Trustee.

### *OPINION*

WILLIAM V. ALTENBERGER, Chief Judge.

The Debtor, Floyd V. Lagrow, has a Federal Employers Liability Act (FELA) claim against his employer, the Burlington Northern Railroad. In their schedules, the Debtors listed the claim as exempt. Their trustee in bankruptcy filed an objection to the claim of exemption.

The Exemption Law of Illinois provides in part as follows:

> The following personal property, owned by the debtor, is exempt ...
>
> . . . .
>
> (g) The debtor's right to receive:
>
> . . . .
>
> > (3) a disability, illness, or unemployment benefit;
>
> . . . .
>
> (h) The debtor's right to receive, or property that is traceable to:
>
> . . . .
>
> > (4) a payment, not to exceed $7,500 in value, on account of personal bodily injury ...

735 ILCS 5/12–1001(g)(3) and (h)(4).

The Debtor argues the FELA claim is a disability, illness, or unemployment benefit and therefore is exempt under 5/12–1001(g)(3). The trustee in bankruptcy argues a FELA claim is a tort claim and therefore is not exempt under 5/12–1001(g)(3), but is partially exempt to the extent of $7500.00 under 5/12–1001(h)(4).

The Illinois Exemption Statute draws a distinction between a disability, illness, or unemployment benefit, which is fully exempt, and a tort claim, which is partially exempt to the extent of $7500.00. While it is true that the FELA claim arose out of Floyd V. Lagrow's employment, his remedy is clearly one in tort. *Lancaster v. Norfolk and Western Ry. Co.*, 773 F.2d 807 (7th Cir.1965). As his remedy is one in tort, his exemption should be governed by 5/12–1001(h)(4) and not 5/12–1001(g)(3). *See Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984). Significantly, any FELA award would not be limited to a disability award similar to that found in a Workman's Compensation Act claim. There is no cap to a FELA claim.

The Debtors rely on *In re Albrecht*, 89 B.R. 859 (Bkrtcy.D.Mont.1988) which held a FELA claim was exempt. This Court respectfully declines to follow it. No amount of analysis of the underlying facts that give rise to the FELA claim can alter the legal conclusion that the remedy lies in tort and an

award based on a tort is exempt only to the extent of $7500.00.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in the Opinion entered this day; IT IS HEREBY ORDERED that the Trustee's objection to the Debtors' claim of exemptions is ALLOWED, and the Debtors' claim of exemptions to the FELA claim is limited to $7,500.00.