In re James J. and Renee L. WILLIAMS, Debtors.

Bankruptcy No. GG 95–80794.

United States Bankruptcy Court, W.D. Michigan.

May 5, 1995.

Paul B. Newman, Aid To Debtors Bankruptcy Clinic, P.C., Bisbee, AZ, for James J. and Renee L. Williams, debtors.

Larry A. Ver Merris (on brief), and John Grzybck (argument), Day & Sawdey, for James W. Hoerner, Chapter 7 Trustee.

*OPINION RE: TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS UNDER 11 U.S.C. § 522(d)(3), (10), and (11)*

JAMES D. GREGG, Bankruptcy Judge.

### BACKGROUND

On February 22, 1995, James J. Williams and Renee L. Williams "Debtors", filed their voluntary joint petition under chapter 7 of the Bankruptcy Code.[1] In August 1992, debtor James Williams was injured in an accident which arose out of, and was in the course of, his employment. Mr. Williams filed a workers' compensation claim based on those injuries and received a workers' compensation award ("the award") in a lump sum payment of $64,900. All of this occurred before the Debtors filed their voluntary joint chapter 7 petition.

The Debtors used the award monies to purchase a 1991 Ford Explorer, computer hardware and software, household appliances, and sporting and outdoor equipment. The remaining award monies were placed in savings and checking accounts.

Albert Adams, Jr. is debtor Renee Williams' child from a previous marriage to Albert Adams, Sr. Debtor Renee Williams is entitled to receive child support payments from her ex-spouse for the benefit of their son, Albert Adams, Jr. Apparently, Mr. Adams has been delinquent in making these payments to Debtor Renee Williams.

On their Schedule C, the Debtors claimed the following exemptions, which are the subject of the objections filed by James W. Hoerner, "Trustee":

(1) $17,963.64 in cash in bank accounts, claimed exempt pursuant to § 522(d)(11)(D), as the remainder of the award;

(2) $2,000 in sporting and outdoor equipment, claimed exempt, in part, pursuant to § 522(d)(11)(D) because it was purchased with the proceeds from the award;

(3) $10,000 on the 1991 Ford Explorer, claimed exempt pursuant to § 522(d)(11)(D) because it was purchased with the proceeds from the award;

(4) $10,000 in "alimony or support" owed to debtor Renee Williams and claimed exempt pursuant to § 522(d)(10)(D); and

(5) $8,230 in household goods and $3,000 for a computer, both claimed as exempt pursuant to § 522(d)(3).

A hearing took place on May 2, 1995 regarding the Trustee's objection to the Debtor's exemptions.

### DISCUSSION

A. *Workers Compensation Award*

▪ The Debtors have claimed $17,963.64 in cash in bank accounts, a 1991 Ford Ex-

---

1. All future statutory references, except as cited to the contrary, are to the Bankruptcy Code, 11 U.S.C. §§ 101–1329.

plorer, and some portion of $2,000 in sporting and outdoor equipment as exempt pursuant to § 522(d)(11)(D). The Trustee maintains that this property may not be exempted from the bankruptcy estate created by § 541(a). First, the Trustee asserts that workers' compensation benefits may only be held exempt under § 522(d)(10)(C) and that § 522(d)(11) is inapplicable. Next, the Trustee argues that § 522(d)(10)(C) exempts only the "right to receive" workers' compensation benefits and does not exempt property that is traceable to those benefits.

The Debtors disagree. They claim that debtor James Williams' award was "on account of personal bodily injury" and, thus, qualifies for the $15,000 exemption under § 522(d)(11)(D). They also argue that debtor Renee Williams may exempt *another additional* $15,000 of the award, either pursuant to § 522(m) or as a dependent, pursuant to § 522(d)(11)(D) and § 522(a)(1). In addition, the Debtors reason that when earning capacity is destroyed or diminished, the injured person and his dependents suffer economically. Thus, when a workers' compensation award is paid out, the injured person and his dependents use the award "to replace the things of which the family was deprived...." The Debtors point to the fact that the compensation award was not squandered, but rather spent on items reasonably necessary for the support of the Debtors and their dependent children with the remainder placed in the bank for future living expenses.

■ Under which section of the Bankruptcy Code is the claim of exemption of the Debtors' workers' compensation award properly made? The majority of the cases dealing with the exemption of workers' compensation awards have followed the holdings of *In re LaBelle,* 18 B.R. 169 (Bankr.D.Maine 1982) and *In re Evans,* 29 B.R. 336 (Bankr. D.N.J.1983). Although *In re Albrecht,* 89 B.R. 859 (Bankr.D.Montana 1988) deals specifically with the Federal Employer's Liability Act, it discusses the majority line of cases as well. *Albrecht* points out that in these types of cases, the courts have generally held that workers' compensation benefits are exempt under § 522(d)(10)(C), as opposed to 522(d)(11)(D) and (E). This court agrees.

In reaching this result, courts often examine the legislative history of these Code exemption subsections. In its Report accompanying H.R. 8200, the House Judiciary Committee drew the following distinction between the exemptions available under § 522(d)(10) and those available under § 522(d)(11):

> Paragraph (10) exempts certain benefits akin to future earnings of the debtor.... Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ([proposed] $10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill [H.R. 8200].

H.R. REP. No. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

Based on this legislative history, the above cited courts determine that the exemptions under § 522(d)(11) only cover compensation received in the nature of tort liability. Workers' compensation benefits, on the other hand, fall under § 522(d)(10)(C) as payment in lieu of future earnings of a debtor whose ability to generate future earnings has been reduced or lost because of a work-related injury.[2] *LaBelle,* 18 B.R. at 171; *Evans,* 29 B.R. at 338–39; *Albrecht,* 89 B.R. at 861.

---

2. The Debtors argue that a workers' compensation award in Michigan is akin to a tort judgment against the employer. Such an argument is legally incorrect; although a workers compensation award may be grounded on what would have previously been a tort during the course of employment, a tortious act is not required.

The worker's compensation law applies to personal injuries and occupational diseases arising out of and in the course of employ-

[T]he courts generally agree that section 522(d)(11), as a whole, is primarily concerned with tort-like claims. Thus, workers' compensation awards and the like are usually beyond the scope (and thus the limitations) of (11)(D) or (E). Section 522(d)(10) is typically applied to them.

David G. Epstein et al., Bankruptcy § 8–18 at 511 (1992) (footnotes omitted). Thus, the Debtors may not exempt their workers' compensation award under § 522(d)(11)(D).

This contested matter also presents another question because the dispute involves a lump sum payment of a workers' compensation award, rather than a "right to receive" a stream of future payments. Although this issue is not now specifically before the court (because the Debtors have not claimed any portion of the award as exempt pursuant to § 522(d)(10)(C)), the Trustee has raised this issue in his brief.

■ It appears that Congress intended *not* to exempt traceable assets under § 522(d)(10) because it did not explicitly do so. The fact that such language is contained in § 522(d)(11) underscores that Congress knew how to include traceable assets in § 522(d)(10) had it desired to do so. A leading bankruptcy commentator agrees with such an interpretation. "All five subsections of § 522(d)(10) exempt '[t]he debtor's right to receive' the benefits and not the benefits that have already been paid over to the debtor." 2 Norton Bankruptcy Law and Practice 2d § 46:17 at 46–36–37. Since the Bankruptcy Code is silent and does not include traceable assets under § 522(d)(10), this court will not allow exemption of traceable assets under that exemption subsection.

A similar conclusion was reached when analyzing this issue under claimed state law exemptions. *Lasich v. Estate of A.N. Wickstrom (In re Wickstrom)*, 113 B.R. 339 (Bankr.W.D.Mich.1990) dealt with two earlier versions of Michigan's exemption statute and stated:

The Supreme Court for the State of Michigan has held that the exemption respecting worker's compensation payments only covers the right to receive funds; the exemption does not extend to the funds upon receipt nor to property subsequently purchased with those funds. The predecessor statute ... is identical in substance to the current statute. Therefore, this court concludes that the [prior] holding remains valid under the current exemption statute.

113 B.R. at 344–45 (citations and footnote omitted).

In *Wickstrom*, the debtor had voluntarily transferred a portion of a lump-sum workers' compensation award 49 days prior to the filing of his bankruptcy petition. There arose a question as to whether a debtor could attempt to exempt funds in which he no longer had a property interest. *Wickstrom* stated that "[e]ven if the Debtor had not transferred the proceeds, after receipt the proceeds lost their exempt status under Michigan law." 113 B.R. at 346 (citation omitted).

Since *Wickstrom* deals with state law exemptions, it is not directly on point with the present case in which the Debtors chose federal exemptions under the Bankruptcy Code. *Wickstrom* is mentioned because it is the closest recent reported decision in this district which is analogous to this contested matter and it demonstrates the result under state exemption law is the same.

The court concludes that the debtors may not exempt the cash in their bank accounts, the 1991 Ford Explorer, and a portion of their sporting equipment under § 522(d)(11)(D). Workers' compensation

---

ment. The statute is designed to compensate any injury which is a direct result of conditions unique to the employer's business, even though the injury may not be traceable to a single event. *Employees are compensated on a wage loss theory,* with the exception that an employee is also entitled to benefits for certain specific anatomic losses even though he or she is able to return to work at the same wage as before the injury.

25 Michigan Civil Jurisprudence, *Worker's Compensation,* § 26 at 364 (1993). (footnotes omitted) (emphasis added).

The court also notes there exist no facts in this contested matter which demonstrate the award was based upon any specific anatomic loss. If a debtor sustained such a loss, and the award was based upon the loss, the Debtors' § 522(d)(11) argument would be much stronger. Given the facts, this court need not now address this issue.

awards may only be exempted under § 522(d)(10)(C).[3] The Debtors did not claim such an exemption on their schedules and a determination on this issue was not necessary to the court's decision. Nonetheless, the literal reading of the language of § 522(d)(10)(C) also precludes the debtors from exempting the proceeds of the award. In Michigan, the result under state law exemptions is the same. Thus, the court holds in favor of the Trustee with regard to its objection to Debtors' claim of exemptions under § 522(d)(11)(D).

## B. *The "Alimony or Support" Exemption*

■ The Debtors claimed as exempt $10,000 in "alimony or support" owed to debtor Renee Williams from her ex-husband Albert Adams, Sr. The Trustee objects to this exemption on the ground that § 522(d)(10)(D) requires a showing that such exemption is "reasonably necessary for the support of the debtor and any dependent of the debtor; . . ."

The Bankruptcy Code does not define the phrase "reasonably necessary." That term is defined, however, in the Uniform Exemptions Act, and the commentary indicates that the "reasonably necessary" standard "does not focus on 'the debtor's station in life and the standard of living to which he has been accustomed'. . . . Rather, the Act 'requires the court to direct its attention to the individual's needs and responsibilities.'" 2 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 46:8 at 46–14 (citing Uniform Exemptions Act, Comment 7 to § 6). In making this determination, the court considers the following factors: "(1) the debtor's present and anticipated living expenses; (2) the debtor's present and anticipated income from all sources; (3) the age of the debtor and the debtor's dependents; (3) the health of the debtor and the debtor's dependents; (4) the debtor's ability to earn a living; (6) the debtor's job skills,

training and education; (7) the debtor's other assets, including exempt assets, and their liquidity; (8) the debtor's ability to save for retirement; (9) any special needs of the debtor and the debtor's dependents; and (10) the debtor's continuing financial obligations, such as alimony and support." 2 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 46:8 at 46–15 (citation omitted). *See also In re Hall,* 151 B.R. 412, 427 (Bankr.W.D.Mich.1993) (using same factors to make determination of "reasonably necessary" under § 522(d)(10)(E)).

Because an evidentiary hearing is necessary, this issue will be scheduled for another date, one hour reserved, for the court to consider evidence by the Debtors and the Trustee.[4] A notice of hearing will be served by the Clerk of the Court.

## C. *The Household Goods Exemption*

■ The Debtors claimed $8,230 in household furnishings and $3,000 in computer equipment as exempt property under § 522(d)(3). The Trustee argues that the household goods exemption of § 522(d)(3) is limited to a total of $8,000; thus, the Trustee objects to the $230 excess exemption claimed by the Debtors. In addition, the Trustee states that the household goods exemption is limited to items worth less than $400. Thus, the Trustee argues that the computer, valued at $3,000 on the Debtors' Schedule C, should not be allowed as a § 522(d)(3) exemption. (More appropriately, the argument should be the Debtors may only exempt $400, leaving $2600 as nonexempt.)

The Trustee is partially correct regarding the § 522(d)(3) exemption for the computer. Section 522(d)(3) clearly provides that a debtor may exempt his interest in household furnishings, up to an aggregate of $8,000 but "not to exceed $400 in value in any particular item." The debtors valued the computer at $3,000, clearly in excess of the § 522(d)(3) value limitation. Thus, the exemption

---

**3.** To the extent *In re Lambert,* 9 B.R. 799 (Bankr. W.D.Mich.1981) may hold to the contrary, the court is not persuaded by its analysis of the applicable subsections of the Bankruptcy Code. *LaBelle, Evans* and *Albrecht* are more persuasive and the court follows, as had been done in at least one other bench decision in this district, those cases' conclusions.

**4.** At the hearing, the court expects the Trustee to present some *fact* which leads him to believe that the alimony or support exemption is unwarranted.

claimed by the Debtors for the computer is not *fully* allowed.

The Trustee loses, however, on his assertion that the Debtors may not exempt $8,230 under § 522(d)(3). This is a *joint* case. Section 522(m) provides that the § 522 exemptions apply "separately with respect to each debtor in a joint case." Therefore, both James Williams and Renee Williams may exempt up to $8,000 in household furnishings under § 522(d)(3). With regard to the computer, because *each* Debtor may claim $400, $800 of the computer value is exempt and only $2,200 is nonexempt.

Given this ruling, the court, in its discretion, believes it is appropriate to permit the Debtors an opportunity to amend their exemptions with regard to § 522(d)(3) (household goods) and § 522(d)(5) (so-called "catch-all" provision). Any amended exemptions shall be filed within 30 days. The Trustee shall have 30 days after filing of any amendments to lodge any further objections to such amended exemptions. FED.R.BANKR.PRO. 4003(b).

### CONCLUSION

The Debtors may not exempt the cash in their bank accounts, their 1991 Ford Explorer, or a portion of their sporting equipment under § 522(d)(11)(D). This property was purchased with debtor James Williams' workers' compensation award. Such awards may only be exempted under § 522(d)(10)(C). However, § 522(d)(10)(C) only applies to the right to receive such an award. Because the debtors have already received the award, § 522(d)(10)(C) is not applicable to their bankruptcy case; further, that subsection does not allow exemption of traceable assets.

As for the debtors' exemption of the "alimony or support" due to debtor Renee Williams, such payments may be exempt if the court finds they are reasonably necessary to the support of the Debtors and their dependents. An evidentiary hearing on this factual issue will be scheduled.

Finally, the Debtors partially lose on their household goods exemption for their computer, which exceeds the $800 per item joint limit of § 522(d)(3) and (m); $2,200 of the computer value is nonexempt. However, the debtors may exempt the full $8,230 in household goods and furnishings claimed on Schedule C because this is a joint bankruptcy case. The Bankruptcy Code permits each spouse to claim as exempt an aggregate $8,000 in household furnishings under § 522(d)(3) and § 522(m).

An order shall be entered accordingly.