In re Lloyd K. MICHAEL, Debtor.

**Charles A. Szybist, Esquire, Trustee in Bankruptcy, Objector,**

v.

**Lloyd K. Michael, Respondent.**

No. 5–00–02759.

United States Bankruptcy Court, M.D. Pennsylvania.

April 12, 2001.

Charles A. Szybist, Trustee in Bankruptcy, Williamsport, PA, for Objector.

Vanessa Daniele, Miele & Daniele, Williamsport, PA, for Debtor/Respondent.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

Schedule C (Property Claimed as Exempt) filed by the above-named Debtor has a description of property reading "Checking account at Muncy Bank &

---

1. Drafted with the assistance of Richard P.    Rogers, Law Clerk.

Trust Co.—commutation from workers compensation" with a listed value of $42,000.00. The specific exemption is taken under 11 U.S.C. § 522(d)(10)(C). Currently before the Court is the Trustee, Charles A. Szybist's, Objection to Exemption filed September 20, 2000 (Doc. # 6). In the Debtor's answer to the Trustee's Objection, he indicates that the proceeds in question are exempt under § 522(d)(11)(E) as property that is traceable to a payment in compensation of loss of future earnings. At the hearing on this matter held December 21, 2000, the parties stipulated that the factual allegations in the brief submitted by the Debtor were accurate, and for purposes of this Opinion, the Court will adopt the facts contained therein.

On Schedule B, the Debtor listed as an asset of the estate a checking account at Muncy Bank & Trust Co. in the amount of $42,000.00. A notation thereunder indicates this amount was deposited as a result of a workmen's compensation lump sum settlement. The Debtor formerly worked at Michael's TV and Appliance, and, on January 9, 1998, he suffered a work related injury which has rendered him unable to return to his employment. Thereafter, on May 1, 2000, Debtor entered into a compromise and release agreement with his employer which was attached as an exhibit to the Brief in Opposition to Trustee's Objections. This agreement provides for a lump sum payment based upon the Debtor's average weekly wage. The Debtor draws our attention to paragraph 19 of the agreement which provides, in short, that the payment is to cover all of the wage loss benefits claimant (Debtor) is entitled to receive for the remainder of his life with regard to the work injury. Without any legal support by way of case law, the Debtor indicates that § 522(d)(11)(E) provides an exemption for property traceable to a payment in compensation of loss of future earnings of

the Debtor, and therefore, the bank account, which is directly traceable to the compromise and release agreement, is exempt under that subsection. Debtor's brief did not address § 522(d)(10)(C).

The Trustee responded that under either §§ 522(d)(10)(C) or (d)(11)(E), the exemption must fail. Specifically, he argues, based upon the legislative history and certain case law cited in his brief, the exemptions provided under § 522(d)(11) cover only compensation received in the nature of tort liability. Furthermore, even if workmen's compensation benefits do fall within § 522(d)(10)(C), the exemption does not apply to proceeds traceable to that workmen's compensation award received in a lump sum payment and deposited into a debtor's account prepetition.

I will first address the merits of the Debtor's exemption under 11 U.S.C. § 522(d)(11)(E) and the Trustee's arguments in opposition thereto.

The Trustee, in his post-hearing brief, succinctly raised the issue as to whether the Debtor could take exemptions in proceeds traceable to a workmen's compensation award under § 522(d)(11)(E). The brief filed by the Debtor in support of his exemption claim provides no support that workmen's compensation awards can be traced to specific items which could be exempted under § 522(d)(11)(E). On the other hand, the Trustee has relied on the majority position that workmen's compensation benefits do not fall within the dictates of § 522(d)(11)(E) but rather, are included under § 522(d)(10)(C). *In re Williams*, 181 B.R. 298 (Bankr.W.D.Mich. 1995). *In re LaBelle*, 18 B.R. 169 (Bankr. D.Me.1982). *In re Evans*, 29 B.R. 336 (Bankr.D.N.J.1983). *In re Chavis*, 207 B.R. 845 (Bankr.W.D.Pa.1997). *In re Cain*, 91 B.R. 182 (Bankr.N.D.Ga.1988).

*In re Williams* discusses the legislative history of the code exemption subsections of § 522(d)(10) and (d)(11).

Paragraph (10) exempts certain benefits akin to future earnings of the debtor.... Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ([proposed] $10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill [H.R. 8200]. H.R. REP. No. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6318.

*In re Williams*, 181 B.R. 298, 300 (Bankr. W.D.Mich.1995).

█ Based upon the legislative history and following the reasoning and logic adopted by the majority of the courts to review this issue, I find that workmen's compensation awards, and the tracing of those awards into certain specific items, are beyond the scope of 11 U.S.C. § 522(d)(11)(E).

█ Workmen's compensation benefits, however, have been held to be exemptible under § 522(d)(10)(C).[2] *In re Panza*, 219 B.R. 95 (Bankr.W.D.Pa.1998); *In re Chav-*

*is*, 207 B.R. 845 (Bankr.W.D.Pa.1997); *In re Williams*, 181 B.R. 298 (Bankr. W.D.Mich.1995); *In re Cesare*, 170 B.R. 37 (Bankr.D.Conn.1994); *In re Cain*, 91 B.R. 182 (Bankr.N.D.Ga.1988); *In re Evans*, 29 B.R. 336 (Bankr.D.N.J.1983); and *In re LaBelle*, 18 B.R. 169, 170 (Bankr.D.Me. 1982).

11 U.S.C. § 522(d)(10)(C) reads as follows.

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's **right to receive**-

(C) a disability, illness, or unemployment benefit;

The Court now focuses on the more specific issue as to whether the exemptions set forth in § 522(d)(10)(C) in a debtor's *right to receive* a disability, illness, or unemployment benefit applies to the proceeds the debtor sets aside prior to the filing of the bankruptcy proceeding that are directly traceable to such benefit. Several of the courts cited above have addressed the tracing issue and have found such property is not exempt even if it is traceable to the right to receive a benefit that is exempt under § 522(d)(10). See *In re Panza*, 219 B.R. 95 (Bankr.W.D.Pa. 1998); *In re Williams*, 181 B.R. 298 (Bankr.W.D.Mich.1995); and *In re Cesare*, 170 B.R. 37 (Bankr.D.Conn.1994). Both the *Williams* and the *Panza* courts indicate that had Congress intended to trace assets from workmen's compensation claims and exempt those traceable assets under § 522(d)(10)(C), the language of the subsection would have explicitly done so. The fact that the language contained in

---

**2.** The Court makes no determination at this time whether the proceeds from the lump sum settlement of the Debtor's workmen's compensation claim and deposited into the checking account at the Muncy Bank & Trust Co. would be exempt under the Pennsylvania exemption law, specifically at 42 Pa.C.S.A. § 8124(c)(2). See also *Kollar v. Miller*, 176 F.3d 175, 180 n. 9 (3rd Cir.1999).

§ 522(d)(11) includes traceable assets underscores Congress' intent to not allow tracing under § 522(d)(10) and that Congress was cognizant of the distinction between a "debtor's right to receive" and "property that is traceable" thereto. "All five subsections of § 522(d)(10) exempt '[t]he debtor's right to receive' the benefits and not the benefits that have already been paid over to the debtor." *In re Williams,* 181 B.R. at 301 *citing* 2 Norton Bankruptcy Law and Practice 2d § 46:17 at 46–36–37.

 Finally, *In re Panza* reminds us that a right to claim an exemption is a statutory right and is not derived from equitable considerations. Therefore, if the exemption is not allowed by statute, it is not allowable. Citing *In re Clark,* 711 F.2d 21, 23 (3rd Cir.1983). Here, § 522(d)(10)(C) explicitly permits an exemption in the *right to receive* disability benefits or payments. It does not go the extra step and exempt property that is traceable from the original workmen's compensation award. Should there be an exemption in a *right,* which is then post-bankruptcy converted into other property, then that property would also be excluded from the bankruptcy estate. That certainly is not the case in this instance.

Based upon the foregoing, I conclude that the Debtor may not utilize either 11 U.S.C. §§ 522(d)(10)(C) or (d)(11)(E) to exempt any portion of the proceeds in the checking account in the Muncy Bank & Trust Co.